O’Neill, J.
Prior to the amendment of Section 519.15, Revised Code, effective September 17, 1957, it read in part as follows :
“The board shall fix a reasonable time for the hearing of the appeal, give ten days’ notice to the parties in interest, and decide the appeal within a reasonable time after it is submitted. *172 Upon the hearing, any party may appear in person or by attorney. Any person adversely affected by a decision of a board may appeal to the Court of Common Pleas of the county in which such township is located, on the ground that the decision was unreasonable or unlawful. The court may affirm, reverse, vacate, or modify the decision complained of in the appeal.” (Emphasis added.)
When Section 519.15 was amended, effective September 17, 1957, the portion in italics above was deleted. However, on September 16, 1957, one day prior to the effective date of the above deleting amendment, Chapter 2506, Revised Code, entitled, “Appeals from Orders of Administrative Officers and Agencies,” became effective. Section 2506.01, Revised Code, reads as follows:
“Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the Common Pleas Court of the county in which the principal office of the political subdivision is located, as provided in Sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by Sections 2506.01 to 2506.04, inclusive, of the Revised Code.
“The appeal provided in Sections 2506.01 to 2506.04, inclusive, of the Revised Code is in addition to any other remedy of appeal provided by law.
“A ‘final order, adjudication, or decision’ does not include any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such appeal is provided; any order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person; nor any order issued preliminary to or as a result of a criminal proceeding.”
The position of the appellants is that, since the language in Section 519.15, Revised Code, which designated who might appeal prior to September 17, 1957, has been deleted, and the language in Chapter 2506, Revised Code, which broadens the category of decisions which are reviewable under Chapter 2505 does not specify at whose instance such appeals may be brought, in the instant cause no one has a right of appeal to the Common *173 Pleas Court except Nagy, who was the applicant for a zoning change before the Board of Zoning Appeals. In other words, appellants’ position is that, if Nagy lost before the Board of Zoning Appeals, he could appeal to the Common Pleas Court, but, if he won before the Board of Zoning Appeals, no one could appeal.
This “heads I win, tails you lose” position is contrary to the intention of the Legislature in making these amendments and is repugnant to the majority of this court.
True, the right to appellate review is not an inherent or inalienable right but must be conferred by authority of statute. It is equally well settled that only parties to the litigation can appeal from the judgment of a court.
In the instant case, however, we are not dealing with an appeal from a court of record, where the procedure is orderly and an accurate record of the proceedings is kept.
The Legislature recognized that a township Board of Zoning Appeals is government at the grass roots. The procedure in this instance was slipshod and uncertain. The proceedings were strictly informal and the opportunity to be effectively heard depended, to a certain extent, upon an aggressive demeanor and a loud voice. The Legislature, in our opinion, recognized the need for an opportunity for review of the decisions of administrative agencies and broadened the right of review to include “every final order, adjudication, or decision of any * * * board * * * of any political subdivision of the state.” Section 2506.01, Revised Code.
Judge Doyle, writing the opinion for the Court of Appeals which reversed the judgment of the Common Pleas Court, stated that the action of Roper in the instant cause was “tantamount to making him a party” and said that he was entitled to appeal.
Nagy would relegate Roper to the role of a witness. A reading of the record, however, does not bear out this contention. Roper came to this hearing not as a witness, and he appeared not as a witness. He came as a person whose interests were adversely affected, and he appeared with his lawyer in person in opposition to a zoning change which would damage Roper and his property. He was present pursuant to the language in Section 519.15, Revised Code, that “upon the hearing, *174 any person may appear in person or by attorney.” (Italics supplied.)
The order of the Board of Zoning Appeals affected and determined Roper’s rights as a property owner, and thus he came within the class of “specified” persons referred to in Section 2506.01, Revised Code. The board was advised prior to its decision that, if it decided adversely to Roper, his attorney intended to appeal the matter.
These facts are sufficient to make Roper a party for the purpose of appeal to the Common Pleas Court from an adverse decision of the Board of Zoning Appeals, pursuant to Sections 519.15 and 2506.01 to 2506.04, inclusive, and Chapter 2505, Revised Code.
The judgment of the Court of Appeals is hereby affirmed.

Judgment affirmed.

Weygandt, C. J., Taet and Radcliee, JJ., concur.
Zimmerman, Matthias and Bell, JJ., dissent.
Radcliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.